```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


ANTHONY PERRY,                      )
                                    )
              Plaintiff,            )
                                    )
         v.                         )        No. 4:07 CV 1270 DDN
                                    )
ALLIED SERVICES, LLC.,[1]           )
                                    )
              Defendant.            )
```

### MEMORANDUM

This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 21.) Fed. R. Civ. P. 12 (b)(6)  Plaintiff did not file a response to the motion.  The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636 (c). The court will grant defendant's motion and dismiss the action for the reasons set forth below.

**I.   BACKGROUND**

Plaintiff Anthony Perry filed a pro se complaint against defendant Allied Services, LLC ("Allied"), alleging that he was wrongfully terminated from his position at Allied based on his race and gender. (Doc. 1.) The court held a status conference at which time it ordered plaintiff--both orally and by written court order--to file an amended complaint setting forth the factual basis for his claims. (Docs. 12-13.) Plaintiff failed to do so.  The court then issued a show cause order directing plaintiff to file a written document explaining why he did not comply with the court's order to file an amended complaint. (Doc. 15.)

---

[1]Defendant notes that plaintiff incorrectly named his former employer as "Allied Waste," and that the correct legal entity to be used as the defendant in this case is "Allied Services, LLC d/b/a Allied Waste Services of Bridgeton."  Because plaintiff has not objected to this designation of defendant, the court directs the Clerk of Court to change the designation of the defendant to Allied Services, LLC, on the records of the court.

1

Plaintiff then filed an amended complaint, alleging that Allied terminated him based on "hearsay" and his belief that Allied "blackballed" him from further employment in the waste industry. (Doc. 17.)

Allied now moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)6), arguing there is no support for a cause of action based on the facts and circumstances alleged by plaintiff. Plaintiff did not file a response to the motion.

**II.  DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the allegations in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir. 2003). The Supreme Court has issued a new standard for evaluating complaints under Rule 12(b)(6) motions to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Despite overruling the Conley standard, the Supreme Court cautioned that it had not created a heightened pleading standard. Bell Atlantic, 127 S. Ct. at 1973 n.14, 1974.

Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Bell Atlantic, 127 S. Ct. at 1974. If the claims are merely conceivable - but not plausible - the court must dismiss the complaint. Id. To meet the plausibility standard, the complaint must contain more than "labels and conclusions." Id. at 1965. A complaint does not, however, need specific facts; a complaint only needs to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). That said, the allegations must still be enough to "raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

2

A complaint must be liberally construed in the light most favorable to the plaintiff. See Bell Atlantic, 127 S. Ct. at 1964-65. Moreover, a court must accept the facts alleged as true, even if doubtful. Id. at 1965. Thus, a well-pled complaint may proceed even if it appears the recovery is very remote or unlikely. Id. To warrant dismissal, the plaintiff's entitlement to relief must fall short of being plausible. Id. at 1973 n.14, 1974. The plaintiff must have failed to "nudge [the] claims across the line from conceivable to plausible." Id. at 1974.

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)). "[T]he absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits." Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1006 (8th Cir. 2000).

"Under Missouri law, an employee is considered to be 'at-will' unless she is subject to a contract setting the duration of her employment or delineating the reasons for which she can be fired. . . . 'At-will' employees can be terminated at any time without cause." Callantine v. Staff Builders, Inc., 271 F.3d 1124, 1130 (8th Cir. 2001) (citations omitted).

In his amended complaint, plaintiff does not allege Allied violated any contractual provision, collective bargaining agreement, statute, constitutional provision or regulation in terminating plaintiff. Nor does plaintiff allege any factual support for his allegation that Allied discriminated against him based on his race and gender. The court therefore concludes that plaintiff has failed to allege a plausible cause of action and thus has failed to state a claim upon which relief can be granted as a matter of law.

**III. CONCLUSION**

　　For the above reasons, the Court will sustain defendant's motion and dismiss the complaint.  An appropriate order is issued herewith.


　　　　　　　　　　　　　　　　　　　 /S/   David D. Noce
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on February 13, 2008.